**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**LE BAR BAT, INC. and Die Fliedermaus, L.L.C., Defendants.**

**Angela Boggs, et al., Plaintiffs,**

v.

**Die Fliedermaus, L.L.C., et al., Defendants.**

**Nos. 99 Civ. 1732(RWS), 99 Civ. 2451(RWS).**

United States District Court, S.D. New York.

Feb. 26, 2002.

Equal Employment Opportunity Commission, by Judy Keenan, of counsel, New York City, for plaintiff.

Annmarie P. Venuti, Manhasset, NY, for Defendants Die Fliedermaus and Gerald J. Shallo.

*OPINION*

SWEET, District Judge.

Plaintiff Equal Employment Opportunity Commission ("EEOC") has brought two motions to compel defendant Die Fliedermaus, LLC ("Die Fliedermaus") to comply with its discovery requests. The first is brought pursuant to 11 U.S.C. § 362(b)(4) of the Bankruptcy Code, which provides for limited exemptions from automatic bankruptcy stay. The second, dependent on the outcome of the first, requests dis-

covery of information relevant to an affirmative defense raised by Die Fliedermaus. For the reasons set forth below, the motions are granted in part and denied in part.

### Facts and Prior Proceedings

The EEOC filed a complaint on March 9, 1999 against Die Fliedermaus,[1] alleging that Die Fliedermaus had engaged in a pattern of sexual harassment and racial discrimination against former employees in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* The EEOC sought both injunctive and monetary relief. Thereafter, on April 2, 1999, six former employees (the "Intervening Plaintiffs") instituted a separate action ("Boggs Action") against both Die Fliedermaus and individual defendants. The Boggs Action alleged eleven separate causes of action, including violations of Title VII, violations of the New York State Human Rights Law and the New York City Administrative Code, retaliation, constructive discharge, and state law claims for intentional infliction of emotional distress, defamation, and libel.

The two actions were consolidated by order of this Court on December 13, 1999. *See EEOC v. Die Fliedermaus, LLC,* 77 F.Supp.2d 460, 464 (S.D.N.Y.1999). The Intervening Plaintiffs' claims for constructive discharge and intentional infliction of emotional distress were dismissed, and their Title VII claims alleging hostile environment and retaliation were preserved within the EEOC Action, though not within the Boggs Action. Discovery commenced and deadlines were set for completion of discovery, for filing of summary judgment motions, and for filing of a pretrial order.

On October 4, 2001, Die Fliedermaus filed a voluntary petition in bankruptcy under Chapter 11, 11 U.S.C. § 301. Die Fliedermaus has claimed that the EEOC's motion is accordingly stayed pursuant to 11 U.S.C. § 362, which provides for an automatic stay regarding the commencement or continuation of most legal proceedings that were, or could have been, commenced before the debtor filed for bankruptcy. *See* 11 U.S.C. 362(a).

The EEOC filed a motion on November 28, 2001 to compel Die Fliedermaus to comply with discovery requests, arguing that, pursuant to 11 U.S.C. § 362(b)(4), EEOC's continuation of this action is exempt from the automatic bankruptcy stay in effect. After submissions by both parties, the motion was deemed fully submitted on December 19, 2001.

On January 18, 2002, the EEOC moved to compel discovery of information relevant to the affirmative defense by defendant Die Fliedermaus alleging that it exercised prompt remedial action in response to sexual harassment complaints. Opposition was submitted by Die Fliedermaus on February 6, 2002, and responsive papers were submitted by the EEOC on February 13, 2002, at which time the motion was deemed fully submitted.

### Discussion

#### I. The EEOC is Exempt from the Bankruptcy Stay

Upon the filing of a Chapter 11 bankruptcy petition, the Bankruptcy Code provides an automatic stay regarding the commencement or continuation of most legal proceedings against the debtor that were, or could have been commenced before the debtor filed for bankruptcy. 11 U.S.C. § 362(a). However, the Bankruptcy Code establishes several exceptions to the automatic stay, including that con-

---

**1.** Defendant Le Bar Bat, Inc. has been voluntarily dismissed in these actions.

tained in § 362(b)(4), which states, in pertinent part:

> (b) The filing of a [bankruptcy] petition ... does not operate as a stay ...
>
>> (4) ... of the commencement or continuation of an action or proceeding by a governmental unit ... to enforce such [governmental unit's] police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's ... police or regulatory power.

11 U.S.C. § 362(b)(4).

The EEOC contends that 11 U.S.C. § 362(b)(4) applies to the action it has brought against Die Fliedermaus and that, as a "government unit," it is acting within its regulatory powers to enforce and obtain compliance with the provisions of Title VII by seeking various forms of injunctive relief and monetary damages from the defendant. According to Die Fliedermaus, the § 362(b)(4) exception should not apply since there is no automatic exemption for EEOC actions and the circumstances of this case do not warrant such an exemption.

The Second Circuit has not specifically addressed whether § 362(b)(4) exemption to the bankruptcy stay provision of § 362(a) applies to actions by the EEOC pursuant to Title VII. However, other circuits that have considered the issue have held that the EEOC's litigation and administrative processes to enforce Title VII and other statutes under its jurisdiction are exempt from the Bankruptcy Code's automatic stay provisions. In *EEOC v. Rath Packing,* the Eighth Circuit found that "[w]hen EEOC sues to enforce Title VII it seeks to stop a harm to the public—invidious employment discrimination which is as detrimental to the welfare of the country as violations of environmental protection and consumer safety laws, which are expressly exempt from the automatic stay." 787 F.2d 318, 325 (8th Cir.1986), *cert. denied,* 479 U.S. 910, 107 S.Ct. 307, 93 L.Ed.2d 282 (1986). Similarly, in considering an action where the EEOC sought reinstatement of the victims of alleged discrimination, adoption of an affirmative action plan, and back pay, the Third Circuit held that in such actions the "EEOC is suing in its exercise of its police or regulatory power and is not subject to the automatic stay until its monetary claims are reduced to judgment." *EEOC v. Mc Lean Trucking Co.,* 834 F.2d 398, 402 (4th Cir. 1987). *See also EEOC v. Hall's Motor Transit Co.,* 789 F.2d 1011, 1013 (3d Cir. 1986) (agreeing with the *Rath Packing* Court regarding the application of the exception of the automatic stay provision to litigation by the EEOC).

The Court of Appeals discussed the *Rath Packing* decision at length in the case of *S.E.C. v. Brennan,* 230 F.3d 65, 71 (2d Cir.2000), where the Court made a clear distinction between mere entry of a money judgment and actions taken to enforce the money judgment. In *Brennan,* a Chapter 11 debtor had been directed by court order to repatriate the assets of his offshore asset protection trust and to deposit the assets in the court's registry. The Second Circuit found that the order violated the provision in § 362(b)(4) that limits the exception to enforcement of a judgment "other than a money judgment." *Id.* at 71–75. The Court went on to clarify that "[w]hen the government seeks to impose financial liability on a party, it is plainly acting in its regulatory capacity—it is attempting to curb certain behavior ... by making the behavior that much more expensive." *S.E.C. v. Brennan,* 230 F.3d 65, 71 (2d Cir.2000).

■ Die Fliedermaus contends that, because the EEOC's request for pecuniary

damages for the constructive discharge of the claimants was dismissed by an earlier opinion of this Court, *EEOC v. Die Fliedermaus, LLC,* 77 F.Supp.2d 460, 464 (S.D.N.Y.1999), the only forms of relief remaining are non-pecuniary and punitive damages similar to those of the Intervening Plaintiffs, and therefore the EEOC is acting not to enforce its regulatory powers but solely to aid the Intervening Plaintiffs in their private action. This argument is not dispositive, but it does underscore the fact that determining whether the § 362(b)(4) exception applies is a fact-intensive inquiry.

■ Courts generally apply two tests to determine whether an action falls within the police or regulatory exception: the pecuniary purpose test, which focuses on whether the governmental action "relates primarily to the protection of the government's pecuniary interest in the debtor's property" rather than to public safety, and the public policy test, which focuses on "whether proceedings seek to effectuate public policy, or merely are being brought to adjudicate private rights." *Ngan Gung Restaurant, Inc. v. People of State of New York,* 183 B.R. 689 (Bankr.S.D.N.Y.1995) (internal citations omitted). Die Fliedermaus, in arguing that EEOC has stepped into the shoes of the private plaintiffs, has raised a question as to whether the EEOC's aims are directed at effectuating the agency's public policy objectives.

The fact that this Court dismissed the claimants' constructive discharge claims is not sufficient demonstration of an intention to litigate private rights. The EEOC still seeks both injunctive and monetary relief, and no judgment has been entered. The EEOC's policy of deterring unlawful discrimination should be enforced, and certain of the discovery requests are relevant to the injunctive relief. However, Die Fliedermaus has agreed to the injunctive relief requested and the monetary relief is solely for the benefit of the Intervening Plaintiffs.

■ As the Supreme Court has stated, "[w]hen the EEOC acts, albeit at the behest of and for the benefit of specific individuals, it acts also to vindicate the public interest in preventing employment discrimination." *General Telephone Company of the Northwest, Inc. v. EEOC,* 446 U.S. 318, 326, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980). However, the compensation for the Intervening Plaintiffs must be balanced against the purposes of the Bankruptcy Code. *See* 3 Collier on Bankruptcy § 362.05[5][b], at 64.2 (15th ed. rev.2000) ("[T]he money judgment provision in section 362(b)(4) should be construed to balance the government's need to enforce its police or regulatory power with the estate's need to preserve its assets for the reorganization of the debtor."). Before further discovery on monetary damages is undertaken, which would deplete the estate, an effort should be made to resolve the amount of any such damages in light of the resources available to the bankrupt.

For these reasons, and in light of the authorities cited above, the EEOC qualifies for the exception to Die Fliedermaus' bankruptcy stay under § 362(b)(4) to the extent that it continues to exercise its police and regulatory powers.

## II. *The Discovery Requests are Granted in Part*

■ The EEOC's discovery requests include: (1) deposition of Gerald Shallo, Adam Oken, James Shallo, Luch Barbosa and Laura Wust; (2) affidavit(s) setting forth the details of the search for information that Die Fliedermaus claims does not exist; (3) photocopies of documents previously provided to the EEOC that were destroyed as a result of the September 11, 2001 terrorist attacks; (4) all notes and

records regarding the investigations by Ross & Hardies, former counsel to Die Fliedermaus; (5) deposition of Catherine Rogers; and (6) discovery from Die Fliedermaus regarding the Ross & Hardies investigation, as well as its own internal investigation.

Die Fliedermaus has agreed to assist EEOC in reconstructing its files. As to the remaining requests, they are granted as to the affidavits relating to Die Fliedermaus' search for information pertaining to discovery requests. The EEOC will also be permitted to obtain discovery from Die Fliedermaus and its current and former owners and employees concerning (i) Die Fliedermaus' own internal investigation and remedial action and (ii) the Ross & Hardies investigation, which discovery may be relevant to the form of injunctive relief to which Die Fliedermaus has indicated its consent. The depositions of Gerald and James Shallow, Barbosa, and Wust will be deferred to permit the parties to resolve the monetary issues.

### Conclusion

For the foregoing reasons, the EEOC is permitted to continue discovery to the extent that it is consistent with the principles set forth in this opinion and 11 U.S.C. § 362 of the Bankruptcy Code.

The deadline for discovery will be extended for eight weeks from the date of this opinion.

It is so ordered.